UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

PAULETTE VAUGHN, et ano,

                Plaintiffs,     ORDER

    - against -               CV 2001-7937 (ILG)(MDG)

CONSUMER HOME MORTGAGE, INC., et al.,

                Defendants.

- - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    By letter dated June 23, 2005, Richard Kaye, counsel for non-party witness Sloan Cooper, seeks to quash a subpoena served by plaintiffs on his client, whom plaintiffs seek to join as a defendant in a motion to amend now pending before Judge Glasser. See ct. doc. 192. After consideration of the submissions, the application is granted only to the following extent.

    The dispute essentially concerns the timing of Mr. Cooper's deposition. Notwithstanding Mr. Kaye's technical objections to the enforceability of the subpoena,[1] he has agreed to produce Mr.

---

[1] Mr. Kaye points out that the subpoena requires Mr. Cooper to be deposed in the Southern District of New York even though the subpoena itself was issued by the Eastern District of New York. Rule 45 of the Federal Rules of Civil Procedure requires, in pertinent part, that "...[a] subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken...." Fed. R. Civ. P. 45(a)(2). However, insofar as this Court is the issuing court, it has jurisdiction to quash or modify subpoenas. See In re Sealed Case, 141 F.3d 337, 341 (D.C. Cir. 1998). In any event, as most courts in the Second Circuit recognize, a Court's exercise of supervisory power to control discovery "is authorized and
(continued...)

Cooper for a deposition, but seeks to do so after the Court's determination of the motion to amend.

The question of the deposition of Mr. Cooper arose at a conference on May 25, 2005, when plaintiffs advised they sought the deposition in order to gather information for use in alleging their contemplated claims of fraud and aiding and abetting against new defendants. This Court extended discovery in the action, set a schedule for the motion to amend and noted that a further discovery schedule regarding the claims against Mr. Cooper and others would be set if plaintiffs' motion is granted. See Minute

---

[1](...continued)
contemplated by Rule 16, and it does not infringe on the authority vested by Rule 45 in the district courts of other jurisdictions." International Brotherhood of Teamsters v. Eastern Conference of Teamsters, 152 F.R.D. 25, 28 (S.D.N.Y. 1995) (court where action is pending should provide guidance on relevance of discovery); see also Devlin v. Transportation Communications Int'l Union, 2000 WL 249286 (S.D.N.Y. March 6, 2000) (issuing court properly deferred to original court to determine propriety of subpoena); Jack Frost Lab., Inc. v. Physicians & Nurses Mfg. Corp., 1994 WL 9690 (S.D.N.Y. Jan. 13, 1994) (court in which action is pending may adjudicate question raised in motion for protective order).
   Mr. Kaye also contends that Mr. Cooper was improperly served with the subpoena because the subpoena had been left at his home while he was out of town. This Court agrees with the reasoning of a growing number of courts that the requirement in Rule 45(b)(1) that service of the subpoena "be made by delivering a copy thereof" simply requires a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness. See, e.g., First City, Texas-Houston v. Rafidain Bank, 197 F.R.D. 250, 255 (S.D.N.Y. 2000), aff'd, 281 F.3d 48 (2d Cir. 2002); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 n.1 (E.D.N.Y. 1997) (any means of service in accordance with New York procedural law sufficient); see also Ultradent Products, Inc. v. Hayman, No. M8-85 (RPP), 2002 WL 31119425, at *3-*4 (S.D.N.Y. Sept. 24, 2002) (service of subpoena on third party witness by certified mail was sufficient to satisfy Rule 45); Cordius Trust v. Kummerfeld, No. 99 CIV. 3200 (DLC), 2000 WL 10268, at *1 (S.D.N.Y. Jan. 3, 2000) (same).

Entry for Status Conference dated May 25, 2005.  Since plaintiffs have already filed their motion for leave to amend the complaint, they no longer have the same urgency for deposing Mr. Cooper.

Also having bearing on timing is the fact that Mr. Cooper was initially given insufficient notice for the deposition.  The subpoena was served on June 7, 2005 and required Mr. Cooper to appear for a deposition on June 14, 2005 to give testimony and produce documents.  Although counsel for plaintiffs agreed to re-schedule the deposition to a later time, discussions reached an impasse after plaintiffs filed the motion to amend.

Mr. Kaye contends any discovery against Mr. Cooper is best deferred after determination of the motion as a matter of efficient utilization of everyone's time and resources.  There is some logic to this argument since parties may approach discovery differently from non-party witnesses.  However, as Mr. Kaye acknowledges, given the liberal rules governing amendment, Judge Glasser is like to grant plaintiffs leave to amend.  In addition, any interest in efficiency must be tempered by the need to complete discovery in this case, which was filed over three and one-half years ago.  As discussed with the parties at the last conference, this Court would expect any additional discovery to be completed expeditiously should amendment be permitted and plaintiffs' counsel indicated that any new discovery would not be substantial and would be directed at the new parties.

Balancing these considerations and the fact that Mr. Cooper

has a copy of the proposed amended complaint, this Court does not agree that Mr. Cooper's deposition should await resolution of the motion to amend. However, he should be given an opportunity to familiarize himself with the case before he is deposed, a task presumably easily accomplished since Mr. Cooper appears to be aligned in interest with most of the defendants remaining in this action. Plaintiffs should promptly provide Mr. Kaye with copies of their automatic disclosures and responses to interrogatories, document requests and other discovery responses previously served on the other parties herein. The other defendants should also likewise promptly provide information to Mr. Kaye to facilitate completion of discovery.

Last, this Court is constrained to comment on the tenor of communications from and between counsel for plaintiffs and Mr. Kaye. The simple matter at issue has been sidetracked by the personal nature of the attacks by counsel, as has all too often occurred in this litigation; counsel have been too quick to take offense by comments of others, too quick to accuse others of unethical conduct, too suspicious of the motives of others and unable to proceed with accommodation and courtesy. The inability of the attorneys to get along has burdened the Court with unnecessary applications and disputes and unduly delayed completion of discovery. In the future, such unaccommodating and discourteous will not be tolerated.

CONCLUSION

Counsel should confer on a realistic and mutual convenient date for the deposition of Mr. Cooper. If no agreement can be reached, a conference will be held on August 5, 2005 at 11:00 a.m. If oral argument before Judge Glasser on plaintiffs' motion for leave to amend the first amended complaint is scheduled in the interim, the parties may request to have the conference changed to a date immediately following oral argument.

SO ORDERED.

Dated: Brooklyn, New York
July 15, 2005

/S/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE